WIGGINTON, Judge.
This case is before the court on appel-lee’s motion to dismiss this appeal on the sole ground that it was untimely taken, thereby depriving this court of jurisdiction.
On May 19, 1971, the Juvenile Court of Duval County rendered its final order adjudging the minor children involved herein to be in need of supervision as defined in F.S. section 39.01 (12) (a), F.S.A., and placing them under the supervision of a juvenile counselor, to be thereafter dealt with pursuant to the requirements of law. Throughout the proceedings in the Juvenile Court the minor appellants were represented by their lay parents who acted without the aid or assistance of legal counsel.
A copy of the final adjudicatory order was served by registered mail on the parents of appellants, accompanied by a covering letter. The letter advised the parents that should they wish to contest or appeal the order or any of its findings, it would be necessary that their notice of appeal be filed in the office of the Juvenile Court within 30 days from the receipt thereof. Parenthetically, it must be noted that the 30-day appeal time from receipt of a copy of the order as advised by the court is at variance with the rule of appellate procedure which requires that appeals from *257 final orders be taken within 30 days from the rendition of the order sought to be reviewed.[1]
The record on appeal affirmatively establishes that although the covering registered letter transmitting a copy of the final order was purportedly mailed by the court to the parents on May 19, 1971, it was not received by them until June 4, 1971, as evidenced by the official receipt returned to and filed with the court by the postal authorities. The reason for such long delay in delivering the letter to an addressee within the city where it was mailed is unexplained, although there is a notation on the return receipt which indicates that the envelope initially bore an insufficient amount of postage. The notice of appeal herein was filed by the parents of appellants in proper person on July 2, 1971, within 30 days from receipt of a copy of the final order but after 30 days from its rendition.
Appellee contends that the time for taking an appeal as fixed by law is jurisdictional and since the appeal herein was not taken within 30 days from the rendition of the order appealed, the appeal is untimely and must be dismissed.
Although appellee’s interpretation of the law relating to the time for taking an appeal is correct, we are unable to agree that all avenues for full appellate review are closed to appellants under the facts and circumstances of this case.
It appears without question that appellants’ right to a full appellate review of the final order rendered in the adjudicatory phase of this proceeding was frustrated by the erroneous advice given them by the court with respect to the time within which they were required to file their notice of appeal. The fact that such advice may have been given as the result of ignorance, inadvertence, or oversight cannot alter the conclusion that it had a fatal effect upon appellants’ right to an appeal of the order challenged herein. Appellants’ representation throughout this case by their parents who endeavored to act without the advice or assistance of legal counsel makes this conclusion doubly inescapable.
If the order appealed herein, which places appellants under the supervision of a juvenile court counselor to be dealt with according to law, had been rendered in a criminal proceeding, we would have no hesitancy in holding that appellants were entitled to a full appellate review by the vehicle of habeas corpus under the doctrine promulgated by the Supreme Court in Hollingshead v. Wainwright,[2] and Baggett v. Wainwright.[3] The question then arises as to whether the doctrine of Hol-lingshead and Baggett should be applied in the case sub judice despite the fact that a juvenile court proceeding is essentially civil as distinguished from criminal in character. We believe this question should be answered in the affirmative.
In the recent decision rendered by this court in the case of State v. R.E.F., a Juvenile,[4] we recognized and approved the trend of recent judicial decisions rendered in cases involving the rights of juveniles growing out of proceedings conducted in the juvenile courts of our country. We acknowledged that even though juvenile court proceedings are basically civil in nature, they are nevertheless analogous in many respects to criminal court proceedings. Because of the dual characteristics of juvenile proceedings, certain basic requirements of due process must now be observed such as the right of a minor to be served with a complaint alleging the specific charges against him; the right to remain silent, to be repre *258 sented by counsel, and against self-incrimination; the right to be confronted by and to cross-examine the witnesses against him; and the right to a final order setting forth the reasons supporting the court’s ultimate conclusion. To the extent that a final adjudicatory order of a juvenile court deprives a minor of his liberty or restrains him in the free exercise thereof, it is closely analogous to a judgment of conviction and sentence rendered in a criminal proceeding. Because the ultimate effect of each type of final adjudication is essentially the same, the safeguards surrounding the constitutional right of one convicted of a crime to a full appellate review of his judgment and sentence should be applied with equal force to the right of a minor adjudged to be in need of juvenile court supervision to appeal the order rendered against him.
It is our view and we so hold that this appeal was untimely taken and must therefore be dismissed. We further hold, however, that appellants’ right to an appellate review of the order rendered against them was frustrated and prevented by the action of the Juvenile Court when it erroneously advised them that their notice of appeal could be filed within 30 days from receipt of the copy of the final order served on them by registered mail. The notice of appeal filed herein is hereby treated in all respects as a petition for writ of habeas corpus in which appellants shall be accorded a full appellate review of the order adjudging them to be in need of juvenile court supervision, under the authority of Hollingshead and Baggett, supra.
Further proceedings in this case shall be had in accordance with the holdings expressed herein, and the parties shall be governed accordingly.
SPECTOR, C. J., and JOHNSON, J., concur.

. F.S. § 39.14(1), F.S.A.;
Rule 3.2(b), F.A.R., 32 F.S.A.

. Hollingshead v. Wainwright, (Fla.1967) 194 So.2d 577.

. Baggett v. Wainwright, (Fla.1969) 229 So.2d 239.

. State v. R.E.F., Fla.App.1971, 251 So.2d 672.