330 So.2d 34 (1975)
IN THE INTEREST OF D. J., a Child.
No. 74-800.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
Irving B. Gussow, Asst. Public Defender, Sanford, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION TO DISMISS
OWEN, Chief Judge.
Appellant was adjudicated a delinquent by the Juvenile Division of the Circuit Court of Seminole County and thereafter filed this appeal as authorized by Section 39.14, F.S. Appellee has moved to dismiss the appeal for certain alleged rule violations, one of which we feel merits discussion.
Appellee's motion asserted, among other things, that despite a specific request to appellant's counsel, the latter had failed to provide appellee with a copy of the record on appeal, including a certified copy of the court reporter's transcribed notes of the proceedings. Upon oral argument of the motion it became apparent that appellant's failure in this respect was due primarily to a lack of definitive guidelines governing appeals in juvenile cases.
Section 39.14(1), F.S., provides that an appeal may be taken "within the time and in the manner prescribed by the Florida appellate rules." Unfortunately, neither the statute nor any of the rules make it clear as to whether the appeal is to be perfected under Part III of the appellate rules (governing civil appeals) or under Part VI (governing criminal appeals), the procedures for which differ in several respects. The principal differences lie in the area of preparation of the record on appeal (including obtaining a certified transcript of the court reporter's notes), the time schedule, and the method of transmitting the record on appeal to the appellate court.
There are many cases which discuss the question of whether juvenile proceedings are civil, rather than criminal, in nature,[1] but merely attaching a label will not necessarily resolve the problem. Considering the nature of the delinquency proceedings, *35 and the necessity under Rule 8.130, Rules of Juvenile Procedure, for a court order for the testimony to be transcribed, we conclude that the record on appeal in juvenile delinquency cases should be prepared and transmitted to the appellate court under the provisions of Part VI of the Florida Appellate Rules.
The record on appeal in this case has not been so prepared. However, we are not disposed to dismiss this appeal on that ground. Instead, leave is granted appellant to have the record on appeal prepared, served and filed within thirty days in a manner conformable to the views herein expressed.
Motion to dismiss denied.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] See State v. Bryant, Fla.App. 1973, 276 So.2d 184; Richardson v. State ex rel. Milton, Fla.App. 1969, 219 So.2d 77; In re T.W.P., Fla.App. 1966, 184 So.2d 507; State v. R.E.F., Fla.App. 1971, 251 So.2d 672; In re T.A.F., Fla.App. 1971, 252 So.2d 255; In re J.R.H. v. State, Fla.App. 1973, 278 So.2d 314; In re D., Fla.App. 1971, 245 So.2d 273; In re E.P., Fla.App. 1974, 291 So.2d 238 and In re L.G.T., Fla.App. 1968, 216 So.2d 54.