NATHAN, Judge.
Ralph Owen Sands was charged by information in Count I with manslaughter by operating a motor vehicle while intoxicated and in Count II, with manslaughter by culpable negligence. After non-jury trial, the court found Sands not guilty as to Count II and guilty of “driving under the influence of intoxicated [sic] beverage causing property damage and injury,” as a lesser degree of Count I of the information, and sentenced Sands to one year in the county jail.
Sands contends that the offense of which he was convicted is not a lesser degree of the charge of manslaughter by operating a motor vehicle while intoxicated, but is a separate and distinct offense, and, therefore, he should be discharged because the State was limited to the prosecution of the offense of manslaughter for which he was found not guilty. The State agrees with defendant Sands that the court so erred and cross-appeals, requesting this court to reverse and remand with directions to find Sands guilty of manslaughter. Section 860.01, Fla.Stat., provides in pertinent part:
“(2) If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.-083, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter.”
In construing § 860.01, Fla.Stat., the trial judge concluded that the first part of subsection (2) of the statute, which pertains to damage to person or property of another done by an “intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties,” does not require as high a degree of intoxication as the word “intoxicated” as it is used later in the same section relating to manslaughter.[1] We do not agree. Being “under the influence of intoxicating liquor” and being “intoxicated” are different terms and do not have the same meaning. Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; Clowney v. State, Fla.1958, 102 So.2d 619. However, “being under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one’s body or mental faculties, or both,” or “under the influence of intoxicating liquor to such extent *565 as to deprive him of full possession of his normal faculties/’ is equivalent to “being intoxicated” as used in § 860.01, Fla.Stat. Clowney v. State, supra; Hanemann v. State, Fla.App.1969, 221 So.2d 228. It follows then that “damage to property or person of another, other than damage resulting in death ... by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties,” is a separate and distinct offense and not a lesser included offense of “death . caused by the operation of a motor vehicle by any person while intoxicated.” This is buttressed by the fact that while the elements of the two crimes set forth within subsection two of the statute are identical, the statute makes it clear that damage to person by an intoxicated person and death by an intoxicated person are two different offenses and neither offense is comprehended to be within the scope of the other. Moreover, considering that the accusatory pleading (information) in this case charged Sands with manslaughter, and that all the evidence that was adduced proved that the alleged act of Sands did result in death, there is no rationale for reducing the offense of manslaughter to injury to the person.
Sands, then, not being tried or convicted of the offense with which he was charged, and the offense on which he was convicted not being a lesser included offense, but a separate and distinct one, his conviction must be reversed. Johnson v. State, Fla. App.1969, 226 So.2d 884; Causey v. State, Fla.App.197S, 307 So.2d 197.
We now consider the cross-appeal by the State. Authority for such procedure is pursuant to § 924.07(4), Fla.Stat., which provides in substance that the State may appeal from a ruling on a question of law when a'defendant is convicted and appeals from the judgment. The State is in accord with defendant Sands’ construction of § 860.01, Fla.Stat., that it was error for the trial court to require a higher degree of intoxication to be proved for manslaughter than that provided in the part of the statute relating to damage to property or person other than death. In holding the defendant guilty of the aforementioned separate offense, the trial court necessarily found that the damage was done “by said intoxicated person under the influence of intoxicating liquor to such an extent as to deprive him of possession of his normal faculties by reason of the operation of [a motor vehicle].” That being so, and it having been established that death of a human being was caused by the operation of a motor vehicle by the defendant Sands while in such condition, the offense of manslaughter under the statute was proved. The State, therefore, asks for remand of this cause to the trial court with directions to find Sands guilty of manslaughter. This result we cannot accomplish because the trial court failed to enter the judgment of conviction which was proper and called for on the evidence, thereby in effect acquitting Sands of the charged crime of manslaughter. An accused can only be retried for the offense on which he was convicted or a lesser included offense of the same crime. Otherwise, double jeopardy would attach. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300; Causey v. State, supra. The prohibition against being put in jeopardy for the same offense is an ancient and well-established doctrine and prohibited by our Federal and State Constitutions. Article V, Constitution of the United States; Article I, § 9, Constitution of the State of Florida. Sands having been convicted of an offense with which he was not charged and such offense not being a lesser included offense of manslaughter but a separate and distinct offense and notwithstanding proof of guilt of the offense charged, we have no recourse other than to discharge the defendant. Johnson v. State supra; Causey v. State, supra.
Reversed and remanded with directions.

. “ . . . I am of the opinion the first section of 860.2, which he is charged with, 868.2, [sic] lesser included offense.

As far as the felony is concerned. But, the evidence isn’t there in my opinion. In my opinion, I have to rule and I have got a sworn duty to do it with what the evidence presents. And the evidence appears to me to present clearly that he was under the influence of an intoxicating beverage, intoxicating liquor at the time of the offense, which is the precisely proven right down the line to your witnesses as to how many drinks he had.
The second part under which he is charged, the manslaughter section never mentions those words. It has to he much beyond as I’d read the charge to the jury. And, as you know, it has to be synonymous with drunk, falling down drunk. Drunk, passed out drunk. Incoherent drunk, which is what it takes for the manslaughter charge. But, it isn’t what it takes for the lesser charge of causing damage while intoxicated, which is a misdemeanor of the first degree.”