330 So.2d 535 (1976)
STATE of Florida, Appellant,
v.
Joe Leon BROWN, Appellee.
No. BB-305.
District Court of Appeal of Florida, First District.
April 22, 1976.
Robert L. Shevin, Atty. Gen., for appellant.
Louis O. Frost, Jr., Public Defender; and J. Craig Williams, Asst. Public Defender, Jacksonville, for appellee.

On Motion to Quash
RAWLS, Acting Chief Judge.
The notice of appeal filed in this case recites: "The nature of the Order appealed from is an Order granting Defendant's Motion of Acquittal Not Withstanding Verdict." Appellee-defendant Brown contends that the state has no right to appeal a judgment of acquittal in a criminal proceeding, and thus his motion to quash the instant appeal should be granted. We agree.
*536 Appellate review of any order or judgment entered by a trial court is not a right derived from the common law; it is derived from the sovereign. State v. Smith, 260 So.2d 489 (Fla. 1972). The state's right to seek appellate review in a criminal case is purely statutory and is found in Florida Statute 924.07. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947).[1] Florida Rule of Criminal Procedure 3.380(c) authorizes a defendant to make or renew a motion for judgment of acquittal after a jury has returned a verdict of guilty. The trial judge's challenged order acquitted the defendant, therefore, the state is seeking to appeal from a final judgment of acquittal in a criminal proceeding.
In oral argument which was directed by this court, the state conceded that the sole statutory language which might be construed to authorize the instant appeal is stated in subsection (1) of Florida Statute 924.07, viz: "An order dismissing an indictment or information or any count thereof;" and then reasons that the instant order may be construed as being within the purview of the cited rule. We decline to place such a tortuous construction upon the plain language and meaning of "indictment or information".
Finally, the state urges this court to in the alternative treat the notice of appeal as a petition for writ of common law certiorari and review the controverted order. As stated above, appellate review of a judgment of acquittal entered in a criminal proceeding is not authorized. The state's ore tenus motion for common law certiorari is denied.
Appellee's motion to quash this appeal is granted.
MILLS and SMITH, JJ., concur.
NOTES
[1] Also see In Re Florida Appellate Rules 1962 Revision, 142 So.2d 724 (Fla. 1962), wherein the Supreme Court stated: "All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."