OTT, Judge.
Appellee was charged by information with aggravated assault. The information stated that appellee “. . . unlawfully did assault [the victim] with a deadly weapon, to wit: a gun . . . .”
The case went to trial before a jury. The judge declined to permit the state to introduce a proffered gun into evidence because of the failure to sufficiently connect that gun with the appellee. At this point the appellee sought to change his plea from not guilty to guilty of the “lesser” offense of aggravated assault with a deadly weapon, thereby seeking to avoid the three-year minimum sentence mandated by a conviction under Section 775.087, Florida Statutes (1975). See Sowell v. State, 342 So.2d 969 (Fla.1977) (Opinion filed February 17,1977). In an attempt to accomplish this, the appel-lee’s attorney asked that the terminology “to wit: a gun” be deleted from the information. The court recognized that it could not delete anything from the information, but accepted the plea to the lesser offense, stating that there was insufficient evidence to support a finding that a “firearm” was used in the commission of the offense within the definition of firearm set forth in Section 790.001(6), Florida Statutes (1975). Thus, the court reasoned that under the circumstances it was not obligated to impose the mandatory three-year sentence.
Appellant contends that upon the plea of guilty to the information the court had no alternative to sentencing the appellee to at least three years. In response, the appellee suggests that the use of the word “gun” in the information was insufficient in the first place to allege an offense under Section 775.087. This argument could cause concern if the bare allegation of assault with a gun was all that was contained. In this case, however, the information charged the defendant with use of a “deadly weapon, to wit: a gun”, which we believe to be sufficient to charge an offense under Section 775.087.
Nevertheless, and in spite of the fact that the trial court did not follow normally accepted procedures, we affirm. We do not believe that it is always essential that a firearm be introduced into evidence in order to permit the jury to conclude that a firearm was used in connection with an offense. However, we note that since the victim’s testimony concerning the appellee’s possession of a firearm was equivocal, the court asked the state if it had further evidence to present on establishing a firearm and connecting it with the appellee to which the state attorney responded in the negative.
Had the court directed a verdict as to this part of the charge, after the state rested, the state could not reach this action of the trial court by appeal. See Sections 924.07 and 924.071, Florida Statutes (1975); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976). Therefore, we treat the trial judge’s action as equivalent to prematurely directing a verdict on the issue of whether the crime of aggravated assault was committed with a “firearm.”
Under the circumstances, the judgment and sentence are AFFIRMED.
GRIMES, Acting C. J., and SCHEB, J., concur.