396 So.2d 730 (1981)
IN THE INTEREST OF D.S.K., a Child, and R.R.K., a Child, Appellants,
v.
STATE of Florida, Appellee.
Nos. 80-1159, 80-1160.
District Court of Appeal of Florida, Fifth District.
March 11, 1981.
Rehearing Denied April 9, 1981.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO DISMISS
COWART, Judge.
The juvenile appellants were adjudicated delinquent and committed to the custody of *731 the Department of Health and Rehabilitative Services by orders rendered July 28, 1980. Included in each of these orders was a requirement that the appellants pay restitution as a condition of aftercare. The amount of restitution was set by a series of orders rendered on September 2, 1980. The appellants filed their notice of appeal on September 26, 1980.
Section 39.14(1), Florida Statutes (1979), provides that appeals in delinquency cases are to be taken "within the time and in the manner prescribed by the Florida Appellate Rules." However, neither the statute nor the rules specify whether these appeals are to be considered as civil or criminal appeals, the procedures for which differ in several respects. The Fourth District solved this problem under the 1962 rules by holding that a juvenile appeal would be considered a criminal appeal in determining the requirements for the preparation of the record on appeal. In re D.J., 330 So.2d 34 (Fla. 4th DCA 1975). We believe that the nature of juvenile delinquency proceedings requires a similar treatment under the present version of the appellate rules.
The orders adjudicating delinquency and committing appellants into custody are analogous to judgments of conviction and sentences, and therefore an appeal from these orders should have been taken within thirty days from their rendition. Since the appellants' appeals were not taken within this period, they may not challenge these orders, including the provision that they were required to make restitution in an undetermined amount.
The notice of appeal was sufficient to bring only the order setting the amount of restitution to this court for review. The appellants' arguments in their brief, however, are exclusively directed to the court's power to impose restitution in any amount. Since the issues argued cannot be raised on this appeal, the State's motion to dismiss is granted and this appeal is
DISMISSED.
ORFINGER and COBB, JJ., concur.