ON MOTIONS TO DISMISS
BASKIN, Judge.
The state’s right to appeal is purely statutory. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976). Because the Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1981) contains no provision authorizing an appeal by the state, we grant appellees’ motions to dismiss. We expressly disagree with the decision of the Fifth District Court of Appeal in State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla.1982) insofar as it finds a constitutional right of appeal in the state. Furthermore,, in our view, Article V, section 4(b)(1) of the Constitution of the State of Florida * permits interlocutory review only in cases in which appeal may be taken as a matter of right.
Appeals dismissed.

 Article V, section 4(b)(1) provides:
(b) JURISDICTION.—
(1) District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.