449 So.2d 280 (1983)
The STATE of Florida, Appellant,
v.
C.C., E.V., C.A.Q., A.M.E., and S.E., juveniles, Appellees.
Nos. 81-2564, 82-666, 82-797 and 82-1825.
District Court of Appeal of Florida, Third District.
March 24, 1983.
On Rehearing September 27, 1983.
Jim Smith, Atty. Gen., and Marti Rothenberg and Calianne P. Lantz, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellees.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
On Rehearing En Banc September 27, 1983.

ON MOTIONS TO DISMISS
BASKIN, Judge.
The state's right to appeal is purely statutory. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976). Because the Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1981) contains no provision authorizing an appeal by the state, we grant appellees' motions to dismiss. We expressly disagree with the decision of the Fifth District Court of Appeal in State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla. 1982) insofar as it finds a constitutional right of appeal in the state. Furthermore, in our view, Article V, section 4(b)(1) of the Constitution of the State of Florida[*] permits interlocutory review only in cases in which appeal may be taken as a matter of right.
Appeals dismissed.
SCHWARTZ, Chief Judge (specially concurring).
I concur with the court that there is no jurisdiction to consider state appeals in juvenile cases either from adverse final judgments or interlocutory orders. I wish, however, to add a few observations on each of these two separate but interrelated subjects.
As I see it, the basic flaw in the reasoning and holding of State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA 1982), rev. denied, 419 So.2d 1201 (Fla. 1982) is that it fails to recognize that, arguably unlike the rule in civil cases,[1] Article V, Section 4(b) of the *281 Constitution grants no right to the state, or the attorney general as its representative, to appeal from final judgments entered against it in the exercise of its law enforcement functions. This is demonstrated both by the express statements of our courts to that effect, e.g., State v. Harris, 136 So.2d 633, 634 (Fla. 1962) ("[W]e have no doubt that [the legislature] can restrict the state in seeking review by certiorari of adverse decisions in criminal cases just as it has limited its right to appeal through Sec. 924.07."); State v. Matera, 378 So.2d 1283, 1286-87 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980) ("[T]hose doors open to the State in initiating appellate review are limited to a specific set of circumstances, see Sections 924.07 and 924.071 Florida Statutes (1977), and Fla.R. App.P. 9.140(c)"), and by the obvious unacceptability of the logical extension, indeed the precise content of the contrary rule announced in W.A.M., under which the state would have the right to appeal from a final judgment of acquittal in a criminal case.[2] But see, e.g., Watson v. State, 410 So.2d 207, 208, n. 1 (Fla. 1st DCA 1982); State v. Budnick, 237 So.2d 825 (Fla. 2d DCA 1970), cert. denied, 240 So.2d 638 (Fla. 1970). Since the state's right to appeal from final judgments is purely statutory, and no legislative authorization for review of final orders in juvenile cases now exists,[3] the appeals in case nos. 82-666 and 82-1825 must therefore be dismissed.[4]
Insofar as the interlocutory orders, case nos. 81-2564 and 82-797, are concerned, I would prefer to place my principal reliance for dismissal on the fact that the supreme court has, in my view, simply not yet adopted any rules pursuant to Article V, Section 4(b)(1) for state review of such orders in juvenile cases. Fla.R.App.P. 9.140(c) concerns only appeals from non-final orders in "criminal cases," as stated in the very title of Fla.R.App.P. 9.140. As we have seen,[5] however, "criminal" cases do not include juvenile proceedings.[6]State v. D.H., 340 So.2d 1163 (Fla. 1976); see R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); compare Chapter 39 with Chapter 924, Fla. Stat. (1981).
Moreover, since, as I believe, the supreme court has not generally provided for review of any interlocutory orders in these cases, I think it unwise and perhaps impermissible for us to circumvent that decision by treating a thus-unauthorized notice of appeal as a petition for certiorari. The effect of this in the case, for example, of an order suppressing a confession, which is before us in case no. 81-2564, would be for this court to write a juvenile rule equivalent to criminal Fla.R.App.P. 9.140(c)(1)B. But we have no authority to and should not permit review in an instance in which the *282 supreme court has deliberately declined to do so.[7] In this respect, I thoroughly agree with Judge Cowart's dissenting view in State ex rel. Alton v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982). But cf. State v. D.C.W., 426 So.2d 970, n. 1 (Fla. 4th DCA 1982) [7 FLW 1889].

ON MOTION FOR REHEARING EN BANC
Before SCHWARTZ, C.J., and HENDRY, BARKDULL, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Upon consideration en banc the court adheres to the majority and concurring opinions.
FERGUSON, Judge (dissenting).
I entirely disagree with the majority holding that there is no vehicle for review of an order of the juvenile court  by appeal or certiorari  and would, without burdening the Southern Reporter with another opinion, adopt the holding and sound reasoning of State v. J.P.W., 433 So.2d 616 (Fla. 4th DCA 1983) (which is critical of the original opinion in this case) and State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982). Furthermore, R.J.B. v. State, 408 So.2d 1048 (Fla. 1982) makes it very clear that Florida Rule of Appellate Procedure 9.140 is applicable to juvenile proceedings.
HUBBART, DANIEL S. PEARSON and JORGENSON, JJ., concur.
NOTES
[*] Article V, section 4(b)(1) provides:

(b) JURISDICTION. 
(1) District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.
[1] The decision in the primary case relied upon in W.A.M., Crownover v. Shannon, 170 So.2d 299 (Fla. 1964), was grounded upon the supreme court's express holding that the habeas corpus proceeding in question there was "civil in nature, and not criminal." 170 So.2d at 301.
[2] This presents more than an ephemeral threat which would dissipate in the face of the double jeopardy clause. First, under United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), there is no longer a per se federal constitutional double jeopardy rule which would invalidate a state appeal from a judgment of acquittal. Second, even if such an appeal were moot, the court could still entertain it if, as might often be the case, the well-recognized exceptions to the mootness doctrine were satisfied. 3 Fla.Jur.2d Appellate Review § 289 (1978).
[3] It is clear that the provisions for state final appeals in criminal cases, Secs. 924.02, 924.05, Fla. Stat. (1981) do not apply to juvenile proceedings. State v. D.H., 340 So.2d 1163 (Fla. 1976); compare Sec. 39.11 with Sec. 775.08, Fla. Stat. (1981).
[4] Contrary to the suggestion in State v. D.C.W., 426 So.2d 970, n. 1 (Fla. 4th DCA 1982), I think it obvious that the court cannot save an appeal from a final judgment which it has no jurisdictional authority to consider by treating it as a petition for certiorari. Stein v. Darby, 134 So.2d 232 (Fla. 1961); Jacksonville, T. & K.W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290 (1894); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976); 3 Fla.Jur.2d Appellate Review § 467 (1978).
[5] Note 3, supra.
[6] Since they hold merely that otherwise authorized juvenile appeals are governed by criminal rather than civil appellate procedural rules, D.S.K. v. State, 396 So.2d 730 (Fla. 5th DCA 1981) and In the Interest of D.J., 330 So.2d 34 (Fla. 4th DCA 1975) are not to the contrary.
[7] I recognize that the same observation may well apply to our review by certiorari, as in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), of pre-trial rulings in criminal cases which are not enumerated in Fla.R.App.P. 9.140. See also note 4, supra.