457 So.2d 492 (1984)
Rene RAMOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-949.
District Court of Appeal of Florida, Third District.
June 12, 1984.
Rehearing Denied September 12, 1984.
Bennett H. Brummer, Public Defender and R. James Pelstring, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION TO DISMISS STATE'S CROSS-APPEAL
DANIEL S. PEARSON, Judge.
Ramos, the defendant below, having appealed from a judgment adjudicating him guilty of second-degree murder, moves to dismiss the State's cross-appeal from the trial court's ruling that the evidence was *493 insufficient to sustain the jury's verdict of first-degree murder.[1] We deny the motion to dismiss.
The short answer to Ramos' motion is that a trial court's determination that the evidence is insufficient to sustain the jury's verdict is a ruling on a question of law, and Section 924.07(4), Florida Statutes (1983), and Florida Rule of Appellate Procedure 9.140(c)(1)(H) expressly authorize the State to cross-appeal from a "ruling on a question of law" when, as here, the defendant appeals his judgment of conviction. See Mixon v. State, 59 So.2d 38 (Fla. 1952) (cross-appeal by State under Section 924.07(4), Florida Statutes (1951), of trial court's reduction of conviction to manslaughter after jury verdict of second-degree murder; conviction affirmed and reduction of offense reversed with directions to enter judgment in accordance with jury verdict).[2]
Nothing in State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976), upon which the defendant relies, dictates a different result. Even accepting, arguendo, Brown's holding that the State's right to appeal is purely statutory,[3] Section 924.07(4), Florida Statutes (1983), clearly authorizes the State's cross-appeal,[4] notwithstanding that, as Brown holds, Section 924.07 does not authorize the State's direct appeal from a similar ruling.[5]
Ramos fares no better in his alternative claim that double jeopardy considerations preclude the State's appeal.
The State's cross-appeal is not subject to dismissal even in instances where double jeopardy would bar a retrial of the defendant. See Sands v. State, 328 So.2d 563 (Fla. 3d DCA 1976) (State's cross-appeal from acquittal of manslaughter in nonjury trial considered; relief sought on cross-appeal denied on double jeopardy grounds). Cf. United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (under 18 U.S.C. § 3731 (1976), which authorizes government appeals, "no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits *494 further prosecution.").[6] Simply stated, our jurisdiction to hear the State's cross-appeal is unaffected by the fact that we might not be able to effectively grant the relief sought by the State.
But even if, arguendo, our jurisdiction to entertain the State's cross-appeal were affected by double jeopardy considerations, it is clear that double jeopardy is a consideration only when a retrial of the defendant would be necessitated by a reversal of the trial court's ruling. Compare Mixon v. State, 59 So.2d 38, with Watson v. State, 410 So.2d 207 (Fla. 1st DCA 1982); Sands v. State, 328 So.2d 563. Here, where the State's appeal is from a post-verdict judgment of acquittal on the charge of first-degree murder, a reversal of that ruling would result only in the reinstatement of the jury's verdict and the directed entry of a judgment thereon, not in a retrial of the defendant. As the Supreme Court stated in United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975):
"A system permitting review of all claimed legal errors would have symmetry to recommend it and would avoid the release of some defendants who have benefited from instructions or evidentiary rulings that are unduly favorable to them. But we have rejected this position in the past, and we continue to be of the view that the policies underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a verdict of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; it would permit him to re-examine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant's legitimate interest in the finality of a verdict of acquittal. These interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions." 420 U.S. at 353, 95 S.Ct. at 1026, 43 L.Ed.2d at 246-47.
Thus, our jurisdiction is clear, and our ability to grant relief upon the exercise of that jurisdiction unimpeded. The defendant's motion to dismiss is denied.
BASKIN, Judge (specially concurring).
I am unable to agree with the majority's conclusion that "our jurisdiction is clear, and our ability to grant relief upon the exercise of that jurisdiction unimpeded." Appeal of an acquittal should never be permitted. U.S. Const., amends. V, XIV; Art. I, § 9, Fla. Const. The court's reduction of the charge from first degree murder to second degree murder constituted an acquittal of the greater offense. Were I free to do so, I would follow State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976) and dismiss the cross-appeal. Because this court is bound by Mixon v. State, 59 So.2d 38 (Fla. 1952), I reluctantly concur.
NOTES
[1] The trial court's order reads in pertinent part:

"[T]he jury verdict as to the charge of First Degree Murder is set aside and a Judgment of Acquittal as to the charge of First Degree Murder is entered, and a finding of guilt as to the lesser included offense of Second Degree Murder is hereby entered, upon a finding by this Court that the evidence presented at the trial of this cause failed to prove beyond every reasonable doubt that the defendant, a man with no prior criminal past, acted with premeditation uninfluenced or uncontrolled by a dominating passion." (citations omitted).
The correctness of this ruling is not now before us.
[2] Section 924.07(4), Florida Statutes (1951), the authority for the State's cross-appeal in Mixon, provided that the State may appeal from "[a] ruling on a question of law adverse to the state where the defendant was convicted and appeals from the judgment" and is substantially the same as Section 924.07(4), Florida Statutes (1983), which provides that the State may appeal from "[a] ruling on a question of law when the defendant is convicted and appeals from the judgment."
[3] Whether the Florida Constitution independently affords the State a right to appeal is a matter which has yet to be resolved by the Florida Supreme Court. The districts are not in accord on this question. Compare State v. C.C., 449 So.2d 280 (Fla. 3d DCA 1983) (no constitutional right); State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983) (same); State v. Brown, 330 So.2d 535 (1st DCA 1976) (State's right to appeal is purely statutory), with State v. J.P.W., 433 So.2d 616 (Fla. 4th DCA 1983) (constitutional right to appeal); State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982) (same). See State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983) (court can provide State review by recharacterizing order appealed from, treating as petition for common law certiorari, or issuing a writ of prohibition); State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982) (review by certiorari).
[4] Even in the absence of this specific statutory authority, the State would be permitted to cross-appeal where, as here, the defendant's appeal is taken from a final order or judgment. See State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983). We leave for another day the question of whether, given this specific statutory authority, the State under Williams may cross-appeal other than rulings on a question of law.
[5] The order appealed by the State in Brown granted the defendant's motion for acquittal after a jury verdict finding the defendant guilty.
[6] Under the federal statute, a finding that double jeopardy would bar further prosecution results in a dismissal of the appeal. Under the Florida Statute, which contains no language making double jeopardy an impediment to the State's right to appeal, a finding that double jeopardy would bar a retrial does not result in a dismissal of the appeal. See Sands v. State, 328 So.2d 563. It is apparent that since the claim that double jeopardy would bar a retrial is appropriately raised in the trial court when the effort to retry the defendant is made, the unstated basis for an appellate court denying the State relief on the ground that double jeopardy would prevent a retrial of the defendant, see Sands v. State, 328 So.2d 563, is that considerations of judicial economy dictate that the matter be put to an end in the appellate court where it is clear that a retrial cannot be held.