DANIEL S. PEARSON, Judge.
At an earlier stage of these appellate proceedings, we considered Ramos’ motion to dismiss the State’s cross-appeal and held that in light of the pendency of Ramos’ appeal from a judgment adjudicating him guilty of second-degree murder, the State’s cross-appeal from the trial court’s ruling that the evidence was insufficient to sustain the jury’s verdict of first-degree murder was legally authorized. See Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984). Ramos, apparently becoming disenchanted with the merits of his appeal and more convinced of the merits of the State’s cross-appeal, has now voluntarily dismissed his appeal and, urging that the State’s cross-appeal cannot survive the dismissal of the main appeal, again moves to dismiss the State’s cross-appeal.
The State insists that once Ramos invoked the jurisdiction of this court, and the State perfected its cross-appeal, the State is entitled to review as a matter of right, regardless of the dismissal of the main appeal. To support its contention, the State points to Florida Rule of Appellate Procedure 9.350(b), which, after setting forth the procedure for an appellant to dismiss an appeal prior to a decision on the merits, provides that such a dismissal does not affect “the proceedings filed by joinder or cross-appeal.” Although the State correctly observes that the appellate rules generally apply to criminal as well as civil appeals, see State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983), it overlooks that the purpose of the rule’s proviso giving a cross-appeal life independent of the main appeal is to insure a cross-appellant the right of review of adverse trial court rulings to which such cross-appellant would have been entitled had he filed the main appeal. Thus, when a party has taken a cross-appeal from an unfavorable part of a substantially favorable judgment, see Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059-60 (Fla. 3d DCA 1981) (“The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled.”), Rule 9.350(b) operates to allow the cross-appeal to continue despite the termination of the main appeal. This is so, however, only when the cross-appellant could have initially appealed the adverse ruling encompassed in an order or judgment.[1] The rule does not apply where the *147 cross-appellant could not have initially appealed, since in that instance, the cross-appeal depends entirely on the existence of an appeal. Thus, for example, a cross-appellant having no right to appeal an order denying his motion for directed verdict where the ultimate jury verdict is in his favor, has no right to a continuation of his cross-appeal of that ruling after the dismissal of the main appeal. Similarly, in the present case, where the State is not authorized to appeal the ruling that the evidence was insufficient to sustain the jury’s verdict of first-degree murder, State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976), and is only authorized to cross-appeal such ruling, Ramos v. State, 457 So.2d 492, the dismissal of the main appeal prior to decision puts an end to the State’s appellate rights.[2]
It is therefore true, as Judge Schwartz points out in his special concurrence, that the fate of the State’s cross-appeal is left to the defendant. This result follows, however, from the fact that our controlling law, see § 924.07(4), Fla.Stat. (1983); Fla.R. . App.P. 9.140(c)(1)(H), does not authorize, as it constitutionally could, see Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984), the State to directly appeal a trial court ruling, as the one here, that the evidence is insufficient to sustain a jury’s verdict. Instead, in this instance, the statute and rule provide only for a state cross-appeal and thus give to the defendant control over the State’s appellate rights from the outset. The fact that this control may be exercised at an advanced stage of the appellate proceeding does not, as the special concurrence suggests, make the State’s right to cross-appeal a hollow one. Where, as here, a successful cross-appeal would result in the reinstatement of first-degree murder charges and renewed exposure of the defendant to a minimum mandatory sentence of twenty-five years imprisonment, it may indeed be unlikely that a defendant would accept a new trial ordered on his successful direct appeal. But where such an extreme difference in potential punishment is not a factor, we think it not unlikely that a defendant would choose a new trial, even at the risk of being subjected to a greater, but discretionary, sentence.
Finally, although, as the special concurrence suggests, the present result might be avoided by limiting the State’s right of cross-appeal solely “to evidentiary issues and the like which may arise in a new trial if the defendant succeeds in securing one on his appeal,” we cannot so limit the State’s right of cross-appeal in light of the direct and binding authority of Mixon v. State, 59 So.2d 38 (Fla.1952) (on State’s cross-appeal under Section 924.07, Florida Statutes, reversing reduced manslaughter conviction and ordering reinstatement of jury verdict of second-degree murder). Appeal and cross-appeal dismissed.

. The advisory committee note to Rule 9.350 states that "a voluntary dismissal would not be effective until after the time for joinder in appeal or cross-appeal. This limitation was created so that an opposing party desiring to have adverse rulings reviewed by a cross-appeal cannot be trapped by a voluntary dismissal by the appellant after the appeal time has run, but before an appellee has filed his notice of joinder or cross-appeal.” Thus, when one party files a notice of appeal 25 days after judgment, he cannot preclude a cross-appeal by his opponent by dismissing the appeal 31 days after judgment. In a word, a cross-appellant has a right to rely upon the appellant’s timely invocation of the appellate court’s jurisdiction. The committee note illustrates that the rule functions only where the cross-appellant has an independent *147 right of appeal. Where the cross-appellant does not have an independent right of appeal, he cannot be said to rely on the appellant’s action to his detriment and be "trapped” into failing to file an appeal.

. The State alternatively contends that we may review the ruling below by certiorari under State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), and its progeny. Since, in our discretion, we would deny certiorari, we do not revisit the ongoing debate about the applicability or correctness of Steinbrecher, see State v. C.C., 449 So.2d 280 (Fla. 3d DCA 1983) (en banc) (Schwartz, C.J., concurring), review granted (Fla.1984).