SCHWARTZ, Chief Judge
(specially concurring).
While I agree with the end result of the court’s decision, I write separately to point out the necessary implications and consequent incongruity of the present state of the law. As the majority (and I) perceive the procedural situation, the state’s cross-appeal is totally under the control and subject to the unilateral decision of the defendant until the proceeding is final. Thus, even were the court actually to issue an opinion affirming on the appeal but reversing on the cross-appeal — thus reinstating, for example, and as in this case, a first degree murder jury verdict — the defendant may, and of course would moot that holding by simply dismissing his appeal within *148 the rehearing time.[1] The state’s “right” to cross-appeal the trial court’s reduction of the charge under section 924.07(4), Florida Statutes (1983) is therefore totally futile and meaningless.[2] It is our obligation to avoid a statutory construction which renders the provision in question “illogical or ineffective.” Gracie v. Deming, 213 So.2d 294, 296 (Fla. 2d DCA 1968). In the light of what has now been revealed, I suggest that the interpretation of section 924.07(4) applied (without discussion) in Mixon v. State, 59 So.2d 38 (Fla.1952) and adopted (with extensive discussion) in Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984) amounts to just that. To avoid this result I would instead read the “question[s] of law” which the state may review by cross-appeal under section 927.07(4) to be confined only to evidentiary issues and the like which may arise in a new trial if the defendant succeeds in securing one on his appeal. Cf. Walker v. State, 459 So.2d 333 (Fla. 3d DCA 1984) (issues on state’s cross-appeal not considered since conviction affirmed). In other words, I would have granted the motion to dismiss the cross-appeal which the court earlier denied.
I must also express my disagreement with the basis upon which the court declines to consider the state’s application to review the reduction of the charge by cer-tiorari. Since the review is sought of the terms of a final judgment of conviction, rather than an interlocutory order as in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), certiorari does not lie as a matter of law. In State v. C.C., 449 So.2d 280, 282 (Fla. 3d DCA 1983), this court en banc adopted the concurring panel opinion of the present writer which, at 449 So.2d 281, n. 4, specifically so stated.[3] Thus we have no “discretion” to grant certiorari even if we wanted to — which I don’t.[4]

. The defendant might accomplish this even if the opinion reverses for a new trial on the main appeal, but reinstates a higher charge on the cross-appeal which the defendant would prefer not to face.

. Only in the extremely unlikely event that the defendant wishes to accept a new trial ordered, on his successful appeal on higher charges required by a reversal on a successful cross-appeal is it even conceivable that a cross-appeal on sufficiency grounds may have any efficacy at all.

. Contrary to the suggestion in State v. D.C.W., 426 So.2d 970, n. 1 (Fla. 4th DCA 1982), I think it obvious that the court cannot save an appeal from a final judgment which it has no jurisdictional authority to consider by treating it as a petition for certiorari. Stein v. Darby, 134 So.2d 232 (Fla.1961); Jacksonville T. & K. W.Ry.Co. v. Boy, 34 Fla. 389, 16 So. 290 (1894); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976); 3 Fla.Jur.2d Appellate Review § 467 (1978).
449 So.2d at 281, n. 4.

.The court does not indicate upon what basis it has decided, in its "discretion,” to deny consideration of the merits of the purely legal and highly decisive question of whether the evidence supports the first degree murder verdict. But see Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (discretion must be based on consistent, cognizable principles of decision-making).
The fact that, I think, no such basis can be articulated shows clearly that the use of "certio-rari” would be nothing more than an unauthorized judicially-created substitute for a right to appeal that the legislature has seen fit not to create.