505 So.2d 418 (1987)
Rene RAMOS, Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
Rene RAMOS, Respondent.
Nos. 65964, 66811.
Supreme Court of Florida.
April 9, 1987.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and R. James *419 Pelstring, Sp. Asst. Public Defender, Miami, for petitioner/respondent.
Robert A. Butterworth, Atty. Gen., and G. Bart Billbrough and Michael J. Neimand, Asst. Attys. Gen., Miami, for respondent/petitioner.
PER CURIAM.
These cases are before the Court on petitions for discretionary review of two decisions of the Third District Court of Appeal. Review is granted on the ground of conflict of decisions. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Both district court decisions were rendered in the same appellate proceeding. We consolidate the two cases for disposition together in this opinion.
The decisions under review are reported as Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984), Supreme Court case no. 65,964, and Ramos v. State, 469 So.2d 145 (Fla. 3d DCA 1985), Supreme Court case no. 66,811. In case no. 65,964, Rene Ramos seeks review of the district court's denial of his motion to dismiss the state's cross-appeal filed in connection with Ramos' appeal of his criminal conviction. In case no. 66,811, the state seeks review of the district court's subsequent holding that, Ramos having voluntarily dismissed his own appeal, the state's cross-appeal also had to be dismissed. In case no. 65,964, the issue is whether the state may cross-appeal a post-verdict order of a trial court acquitting the defendant of the offense of which he was found guilty by the jury and entering judgment for a lesser offense when the defendant appeals his conviction of the lesser offense. In case no. 66,811, the issue is whether such a cross-appeal can be pursued by the state after the defendant has dismissed the main appeal. We hold that under the circumstances of this case the state may cross-appeal the order adjudging the defendant guilty of a lesser included offense. We also hold that such a cross-appeal cannot survive the defendant's abandonment of his own appeal.
Rene Ramos was indicted on a charge of first-degree murder. At the close of the state's case he moved for a judgment of acquittal on the ground of insufficient evidence. He renewed the motion at the close of all the evidence. The court denied the motion and the jury found Ramos guilty of first-degree murder. Ramos again renewed his motion for judgment of acquittal.[1] He also filed a motion for new trial and a motion for "reduction of judgment" under Florida Rule of Criminal Procedure 3.620. At this point the trial court entered an order granting the motion for judgment of acquittal insofar as the charge of first-degree murder was concerned and entered a judgment of conviction of second-degree murder.
Ramos appealed his conviction of second-degree murder. The state cross-appealed the trial court's judgment acquitting Ramos of first-degree murder and entering judgment for second-degree murder. Ramos then filed a motion to dismiss the state's cross-appeal on the grounds that appeal of a judgment of acquittal is not authorized by statute and would violate his constitutional right against double jeopardy.
The district court denied the motion to dismiss, finding that the state's cross-appeal was authorized by section 924.07(4), Florida Statutes (1983), which provides that the state may appeal a "ruling on a question of law when the defendant is convicted *420 and appeals from the judgment." The district court also held that the cross-appeal was not a violation of the right against double jeopardy. Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984). Ramos then sought review of the district court's decision here (case no. 65,964).
Having denied Ramos' motion to dismiss, the district court proceeded to consider the state's cross-appeal as well as Ramos' appeal of his conviction. Ramos then voluntarily dismissed his own appeal and again moved to dismiss the state's cross-appeal. Finding that the state's right of cross-appeal was wholly dependent on the continuation of the main appeal, the district court dismissed the state's cross-appeal. Ramos v. State, 469 So.2d 145 (Fla. 3d DCA 1985). The state seeks review of this decision (case no. 66,811).

Case No. 65,964
Ramos contends that the district court erred in refusing to dismiss the state's cross-appeal. He argues that the statutes defining the state's right of appeal in criminal cases do not authorize appeals from judgments of acquittal and that the trial court's order was a judgment of acquittal. However, although styled as a judgment of acquittal, the trial court's action is better understood as a judgment of conviction of a lesser included offense pursuant to rule 3.620.[2] The trial court's action was taken in response to three post-trial motions filed by Ramos: a motion for new trial, a renewed motion for acquittal and a motion for a reduced judgment under rule 3.620.
Section 924.07(4), Florida Statutes (1983), provides that the state may appeal from "a ruling on a question of law when the defendant is convicted and appeals from the judgment." The issue is whether, pursuant to this statutory authority,[3] the state may appeal when the trial court enters judgment for a lesser included offense pursuant to rule 3.620. In Mixon v. State, 59 So.2d 38 (Fla. 1952), this court held that the state may appeal such an action of a trial court.
In Mixon, there was a prosecution for unlawful homicide in which the jury returned a verdict finding the defendant guilty of second-degree murder. The trial court reduced the severity of the conviction, entering judgment for manslaughter. The defendant appealed, questioning the sufficiency of the evidence to convict and assigning as error an exclusion of evidence. The Supreme Court found no merit in the appellant's contentions on review of the evidence and issues at trial. The Court then said: "For the same reason we think the State should prevail on the cross appeal, taken under sec. 924.07(4), by which is questioned the action of the court in reducing the offense to manslaughter." 59 So.2d at 40.
A motion for judgment of acquittal and a post-verdict motion pursuant to rule 3.620, and their civil counterparts, a motion for directed verdict and a post-judgment motion for judgment in accordance with a motion for directed verdict (oft times referred to as a judgment n.o.v.), all have one thing in common: they question the sufficiency of the evidence to support a verdict. The defendant movant, for the purposes of such motion, admits all facts adduced in evidence and every conclusion favorable to the state, or to the plaintiff in a civil setting, which is fairly and reasonably inferable therefrom. Spinkellink v. State, 313 So.2d 666 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). As stated in Cook v. Estate of Mills, 374 So.2d 599 (Fla. 3rd DCA 1979), with reference to a motion for directed verdict:

*421 The test is whether it appears as a matter of law that no proper view of the evidence could possibly sustain the position of the party against whom the verdict is sought to be directed.
Id. at 601 (emphasis supplied). Again, in the context of a motion for directed verdict, this Court in Bourgeois v. Dade County, 99 So.2d 575 (Fla. 1956), said:
Under our system of trial by jury a case should not be withdrawn from the jury's consideration unless as a matter of law no proper view of the evidence could possibly sustain the position of the party against whom the verdict is directed.
Id. at 577 (emphasis supplied). Accord, Lynch v. State, 293 So.2d 44 (Fla. 1974).
When a motion is made under rule 3.620, the movant admits both the facts in evidence and also every conclusion favorable to the state which a jury might fairly and reasonably infer from the evidence, and takes the position that such admitted facts and inferences will not support the conviction as a matter of law. If the trial judge agrees and finds that such evidence and inferences will support a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of such lesser degree or lesser offense necessarily included in the charge.
We therefore conclude that the trial court's action entering judgment for second-degree murder after the jury had found the defendant guilty of first-degree murder, regardless of whether it was called a judgment of acquittal or a reduction of judgment to a lesser offense under rule 3.620, was a "ruling on a question of law" within the meaning of section 924.07(4). Thus the state was authorized to prosecute the cross-appeal.
We also approve the district court's holding that the double jeopardy clause did not bar the state's cross-appeal. Appellate review of a trial court's ruling on a question of law after a trial does not involve the threat of a second prosecution for the same offense. United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

Case No. 66,811
As was stated previously, Ramos dismissed his appeal after the district court denied his motion to dismiss the state's cross-appeal. Upon dismissal of his appeal, Ramos renewed his motion to dismiss the state's cross-appeal. The district court found dismissal of the cross-appeal proper. Ramos v. State, 469 So.2d 145 (Fla. 3d DCA 1985).
The state argues that a cross-appeal under section 924.07(4) survives the dismissal of the main appeal. The state relies on Florida Rule of Appellate Procedure 9.350, which provides that a voluntary dismissal by an appellant does not affect proceedings brought by means of a timely perfected cross-appeal. Although the state is correct in asserting that the appellate rules apply in criminal as well as civil cases, this argument overlooks the fact that in criminal cases the state has only those rights of appeal as are expressly conferred by statute. Substantive rights conferred by law can neither be diminished nor enlarged by procedural rules adopted by this Court. State v. Furen, 118 So.2d 6 (Fla. 1960).
Although the state had a statutory right to take the cross-appeal, we agree with the district court, for the reasons stated in its opinion, that a cross-appeal by the state cannot survive the main appellant's voluntary dismissal of the main appeal. "[W]here the cross-appellant could not have initially appealed ... the cross-appeal depends entirely on the existence of an appeal. Ramos v. State, 469 So.2d at 146-47.
The decisions of the district court of appeal are approved.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and SHAW, JJ., and ADKINS, J. (Ret.), concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.380 permits such renewals of a motion for acquittal as follows:

(a) If, at the close of the evidence for the State or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.
(b) A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based.
(c) If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within ten days after the reception of a verdict, and the jury is discharged or such further time as the court may allow.
[2] Florida Rule of Criminal Procedure 3.620 provides as follows:

When the offense is divided into degrees or necessarily includes lesser offenses, and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of such lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
[3] In criminal cases, the state may take an appeal only when expressly authorized by statute. State v. Creighton, 469 So.2d 735 (Fla. 1985).