BARKDULL, Senior Judge.
This is an appeal from a final judgment entered pursuant to the defendant’s motion for a judgment of acquittal notwithstanding the verdict after a jury trial.
Responding to banging at her front door, Malagón opened the door and was pushed aside while three intruders entered her home. Malagón was ordered to get down on the living room floor. Eventually, three other individuals were also found in the home and were ordered to get down on the living room floor. One intruder guarded the victims at gunpoint while the other intruders searched bedrooms and demanded to know where money was located. After denying that there was any money in the home, the intruders tied the victims with belts. Unbeknownst to the intruders, another individual was in the home who was able to remain undetected by the intruders and successfully alert the police. When the police arrived, the intruders exited the home in an attempt to escape. The police found the defendant hiding in a yard with the victims’ jewelry in his possession. The victims identified the defendant as the man holding them at gunpoint.
*413 The state filed an information charging the defendant with armed robbery, four counts of armed kidnapping, armed burglary with assault, four counts of aggravated assault with a deadly weapon, and the unlawful possession of a firearm while engaged in a criminal offense. The information alleged that the kidnapping was done to facilitate the commission of “burglary and/or robbery.” At the jury trial, the defendant’s confession to having the gun and guarding the victims was introduced. At the conclusion of the state’s case, the defendant moved for a judgment of acquittal, arguing that the movement of the victims was slight, incidental and inherent in the robbery offense, and therefore the state did not prove a prima facie case of kidnapping. The jury returned a verdict of not guilty of armed robbery, guilty of armed trespassing as a lesser included offense of the armed burglary with assault charge, unlawful possession of a firearm while engaged in a criminal offense, four counts of kidnapping, and four counts of aggravated assault. The court adjudicated the defendant according to the verdict. Thereafter, at a hearing on a defendant’s motion for new trial, the court issued an order vacating the kidnapping convictions on the grounds that the confinement of the victims was “incidental to and inherent in the nature of the robbery,” and was of no independent significance. The court entered a judgment of acquittal notwithstanding the verdict on the kidnapping convictions.
The state appeals the order granting the defendant’s motion for judgment of acquittal notwithstanding the verdict contending that the evidence adduced at trial was sufficient to support the jury’s verdict on the kidnapping counts. We agree.
Section 787.01, Florida Statues (1995), states in relevant part:
787.01 Kidnapping; kidnapping of child under age 13, aggravating circumstances.
(l)(a) The term “kidnapping” means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his [or her] will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
“[T]he act of tying someone up constitutes a ‘confinement’ within the meaning of section 787.01.” Berry v. State, 668 So.2d 967 (Fla.1996).[1] As in Berry, the confinement in the instant case was against the will of the victims and was with the intent to commit or facilitate the commission of the robbery. In Faison v. State, 426 So.2d 963 (Fla.1983), the Supreme Court adopted the following test:
[1]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
In the instant case, the evidence presented at trial was sufficient to establish each of the three prongs of the Faison test. The confinement of the victims was neither slight nor inconsequential. The victims were taken from various rooms, held at gunpoint, and tied, thereby preventing them from summoning assistance. Clearly, the armed trespass could have been committed without tying the victims. Thus, the court abused its discretion in granting the defendant’s motion for judgment of acquittal.
Section 924.07(1)(j), Florida Statutes (1995), provides that the state may appeal from a “ruling granting a motion for judgment of acquittal after a jury verdict.” *414 The defendant argues that notwithstanding this statutory grant of authority, a state appeal of a judgment of acquittal runs afoul of double jeopardy. “[I]t is clear that double jeopardy is a consideration only when a retrial of the defendant would be necessitated by a reversal of the trial court’s ruling.” Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984) (emphasis added). In the instant case, as in Ramos, the state appeals a post-verdict judgment of acquittal, and a reversal of the trial court’s ruling would not result in á retrial of the defendant. Rather, only a reinstatement of the jury’s verdict and resentencing of the defendant is required. In United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the Supreme Court stated:
A system permitting review of all claimed legal errors would have symmetry to recommend it and would avoid the release of some defendants who have benefited from instructions or evidentiary rulings that are unduly favorable to them. But we have rejected this position in the past, and we continue to be of the view that the policies underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a verdict of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant’s guilt after having failed with the first; it would permit him to reexamine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant’s legitimate interest in the finality of a verdict of acquittal. These interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions. Wilson, 420 U.S. at 352, 95 S.Ct. at 1026. (emphasis added).
Clearly, the trial court’s judgment of acquittal constitutes a “post-verdict ruling of law,” as the court based its judgment on an application of the Faison analysis. Thus, we find the defendant’s argument that a state appeal from a judgment of acquittal notwithstanding the verdict runs afoul of the double jeopardy clause to be without merit. Accordingly, we reverse the trial court’s judgment of acquittal notwithstanding the verdict, and return the case to the trial court for resentencing on the kidnapping counts only.
Reversed and remanded for resentencing.

. Berry was decided subsequent to the trial court's entry of the judgment of acquittal.