PER CURIAM.
In this criminal case, the appellant was originally informed against for the crime of robbery. After a jury trial commenced, the State and defense entered into a negotiated plea conditioned upon the defendant supplying certain information to the best *47 of his knowledge to the prosecuting officials. After interrogating the appellant as to his understanding of the negotiated plea, the following colloquy took place between the court and the defendant in the presence of his counsel:

“THE COURT: ‘Now, it has been announced here that as a result of negotiations between you and your attorney on one side, and the representative of the State on the other, that you have come to an agreement here that upon your pleading guilty, you will be sentenced to seven years imprisonment; except that in addition to pleading guilty, you are to give certain information to the police, which has all been stated here a few minutes ago.
‘Now do you understand all of that?’
“DEFENDANT FLEWELLYN: ‘Yes, sir.’
“THE COURT: ‘You have heard everything that has gone on here, and you are in accord with what your attorney has said about that; is that correct ?
“DEFENDANT FLEWELLYN: ‘Yes, sir.’
“THE COURT: ‘And that if your information turns out to be false, then the seven years is not applicable and you arc at the mercy of the Court. * * * ’ ”

Thereafter, the matter recurred before the same trial judge and, after hearing evidence from the law enforcement officials that the appellant was not telling the truth and that the information he had furnished was false, the following took place:

“THE COURT: ‘All right. Let’s not get into an argument here.
“I didn’t really think this was going to work out. It’s a bad kind of negotiation. It is not a negotiation at all, really.’
“MR. STRIAR: ‘Either he is at the mercy of the court or he is not.’
“THE COURT: ‘That is what T would like to know. Is he?’
“MR. LTPTON: T believe we have a negotiated plea, and T believe we have gone through with the negotiations.’
“MR. STRIAR: ‘T don’t believe we have.
T would ask that you vacate the plea and set a trial date. We’ll go the hard way.’
“MR. LIPTON: ‘Fine. Set it for trial.’
“THE COURT: ‘All right. Don’t anybody come up with a negotiated plea like that any more.
‘Set aside the guilty plea, reinstate a not guilty plea. July 31st.
‘That’s all.’ ”
Thereupon the matter was referred to another trial judge and he proceeded with the trial, at which time the jury returned the verdict of guilty. The defendant was adjudicated guilty, sentenced to 99 years, and this appeal ensued.
Counsel has raised several points on appeal. First, that the court erred in vacating the negotiated plea and, further, it constituted double jeopardy to try him before the second judge and jury. Other points were raised as to limitations on attempts by the defense counsel to impeach his own witness, certain alleged errors in the failure to suppress evidence, and general conduct by the trial judge.
We affirm. We have quoted that portion of the testimony relating to the conditional negotiated plea, and we approve the judge setting it aside after hearing evidence that the information given by the defendant was false. We concur with the trial judge’s comments that it was a “bad kind” of negotiation. However, this was the condition. There was testimony that the information the defendant gave was false and, therefore, it was appropriate upon motion of the State to vacate the plea and set the matter for trial, which *48 was concurred in by defense counsel when he said “Fine, set it for trial. Therefore, we find no error in setting aside the plea and no double jeopardy, because the appellant himself had requested a discontinuance of the first trial. And, by failure to live up to the condition of the negotiated plea brought about by the circumstances of the second trial.
We have examined the two cases the appellant relies on and find these cases not to be applicable because there was no condition in the negotiated pleas given in the cited authorities as in the instant case. The other points urged for review have been examined and found to be without merit, upon the following authorities: Rowe v. State, 128 Fla. 394, 174 So. 820; Worthington v. State, Fla.App. 1966, 183 So.2d 728; Lister v. State, Fla.App.1969, 226 So.2d 238; Woodside v. State, Fla. App. 1968, 206 So.2d 426; Byrd v. State, Fla.App. 1968, 206 So.2d 430; Grech v. State, Fla.App.1971, 243 So.2d 216; United States v. Cooper, 5th Cir. 1973, 472 F.2d 64.
No point on appeal has been made on the disparity between the sentence which would have been given on the negotiated plea and that as actually given by the second trial judge after the jury verdict. But, in an abundance of caution, we have examined this disparity in light of the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and find that the circumstances presented in the record [that the appellant had not been truthful with the prosecuting officials in accordance with his negotiated plea and, therefore, required the State to go through the expense of a jury trial] permitted the second trial judge to render a sentence in excess of that originally agreed to on the negotiated plea.
Therefore, the verdict and adjudication of guilt and the sentence here under review be and the same is hereby affirmed.
Affirmed.