WIGGINTON, Judge.
Appellant seeks review of the trial court’s order withholding an adjudication of delinquency and placing him on community control under the supervision of the Juvenile Alternative Services Project until he is able to complete ten more hours of community work service. We affirm.
Appellee initially argues that appellate review of the trial court’s disposition is precluded since adjudication of delinquency was withheld. Appellee relies on D.S.K. v. State, 396 So.2d 730 (Fla. 5th DCA 1981) for its proposition that an appeal brought by a child pursuant to section 39.14(1), Florida Statutes (1983),[1] shall be taken in the time and manner prescribed by the appellate rules pertaining to adult criminal appeals.[2] We disagree. In State v. C.C., 476 So.2d 144 (Fla.1985), the supreme court held that juvenile delinquency matters, though criminal in nature, are separate proceedings and controlled by chapter 39, Florida Statutes. In reaching its conclusion that the State does not have a right to appeal in juvenile cases, the supreme court reasoned that section 39.14, and not chapter 924, after which rule 9.140(b)(1) was fashioned, affords a juvenile defendant a right to appeal. Consequently, in light of C. C., appellee’s argument herein lacks merit. This Court’s jurisdiction is invoked not by rule 9.140(b) but by rule 9.110, Florida Rules of Appellate Procedure. Cf. Perritte v. State, 367 So.2d 1058 (Fla.1st DCA 1979).
Turning, now, to the merits of the appeal, we hold that the record supports appellee’s argument that its initial agreement not to file a petition of delinquency was abrogated by . appellant’s misrepresentation in the predispositional report. It was that misrepresentation which led to the initial recommendation that he be placed in the Juvenile Alternative Services Project as an alternative to appellee’s filing a petition of delinquency. By that fraudulent representation, we hold that appellant failed to meet the condition foundational to the very bargain, i.e., that appellant was new to the area and had only recently met *1168 his codefendant. Cf. Flewellyn v. State, 308 So.2d 46 (Fla. 3d DCA 1975). Accordingly, the trial court’s order is AFFIRMED.
BOOTH, C.J., and BARFIELD, J., concur.

. Section 39.14(1) provides:
Any child, and any parent or legal custodian of any child, affected by an order of the court may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Appellate Rules.

. Rule 9.140 provides:
(b) Appeals by Defendant.
(1) Appeats Permitted. A defendant may appeal:
(A) A final judgment adjudicating guilt;
(B) An order granting probation, whether or not guilt has been adjudicated;
(C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) An illegal sentence; and
(E) A sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.