546 So.2d 21 (1989)
In the Interest of UNKNOWN P.
No. 89-927.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Nancy Schleifer, Guardian Ad Litem, Miami, and Pablo Perez (State of Fla., Dept. of Health and Rehabilitative Services).
*22 Bennett H. Brummer, Public Defender and Richardo P. Hermida, Sp. Asst. Public Defender.
Before NESBITT, FERGUSON and LEVY, JJ.
LEVY, Judge.
In this dependency case, the Guardian Ad Litem on behalf of Unknown P., a child, appeals the trial court's denial of its motion for rehearing of an order granting immediate custody to the father and the denial of its motion for stay pending appeal.[1] The Guardian Ad Litem also appeals pursuant to Section 39.413, Florida Statutes (1987). We reverse.
On December 12, 1988, the subject female child (then unnamed) was born at Jackson Memorial Hospital. After a toxicology report showed the existence of cocaine in the child's system, the Florida Department of Health and Rehabilitative Services (H.R.S.) filed a detention petition on December 28, 1988, alleging the existence of the cocaine and, also, the mother's failure to make adequate arrangements for the baby's support, shelter, care, and maintenance. The petition was revised on January 5, 1989 to reflect both that the identity and whereabouts of the father were unknown and that the mother's whereabouts also were unknown. The court appointed attorneys for both the mother and father. An adjudicatory hearing was held on January 19, 1989, at which the trial court was advised that H.R.S. had learned the father's identity and whereabouts and, furthermore, at which time the mother's attorney requested and secured a continuance until February 14, 1989. The record is devoid of any activity directed toward amending the petition to change, include, or delete any allegations concerning the father. The record of the February 14th hearing shows a stipulated continuance of this matter to March 14, 1989, and a stipulation, inter alia, to the extension of the "twenty-one day" rule found in Section 39.402(9), Florida Statutes (1987), which rule provides that "[n]o child shall be held in a shelter under an order so directing for more than twenty-one days unless an order of adjudication for the case has been entered by the court." At the March 14th hearing the court reset the case to April 13, 1989. The child remained in sheltered care throughout this time.
After the court received a favorable home study at the April 13th hearing, the judge verbally ordered that the child be released to the father, whereupon the State Attorney informed the court of recently acquired information concerning a 1985 dependency proceeding involving the father's alleged abuse and neglect of eight of his other children or stepchildren. This other proceeding alleged that the father threw one of the daughters/stepdaughters on a bed, bit her on the neck, threatened her with a firearm, and had anal intercourse with her. She was adjudicated dependent shortly thereafter, and the father absconded with the seven other children/stepchildren. Pick-up orders were issued in June of 1988, and the children were in fact, subsequently picked up when they were found living in a car on Miami Beach. After being apprised of the above, the court vacated its earlier verbal release order. The following day the father's attorney moved to dismiss the petition as to the father, and H.R.S. sought to file an amended dependency petition which would add the above allegations and an allegation that the mother's whereabouts were still unknown. The parties filed memoranda in support of their respective positions concerning whether H.R.S. could properly file an amended petition after the expiration of the twenty-one day period.
At the April 21, 1989, hearing on the subject of the possible release of the child to the father, and the father's motion to dismiss and the State's motion to amend the petition, the court decided to release *23 the child to the father at noon that day. The court appointed a guardian ad litem for the child. The guardian appeared prior to noon that day and immediately filed an emergency motion for rehearing of the release order, which motion basically contained the information which the State Attorney had related eight days earlier. The guardian formally requested a continuance and an extension of the twenty-one day period. The State Attorney also moved for a continuance. The court denied the guardian's motion for rehearing, and, when the guardian filed her notice of appeal and moved for supersedeas, the court also denied that motion. This appeal followed.
Florida law provides that the twenty-one day time limitation found in Section 39.402(9), does not include "[p]eriods of delay resulting from a continuance granted at the request or with the consent of the child's counsel or the child's guardian ad litem, if one has been appointed by the court," Section 39.402(11)(a), Florida Statutes (1987), or "[p]eriods of delay resulting from a continuance granted at the request of the State Attorney ... if the continuance is granted ... [t]o allow the State Attorney ... additional time to prepare his case and additional time is justified because of the exceptional circumstances of the case." § 39.402(11)(b)(2), Fla. Stat. (1987).
Initially, once the trial judge appointed the Guardian Ad Litem to represent the child's interests herein, and upon the guardian's immediate filing of her emergency motion for a rehearing of the court's order directing the child's release from the shelter and her return to the father, the court had the means at hand to extend the twenty-one day time period in the interests of the child under Section 39.402(11)(a), Florida Statutes (1987), and to keep her in shelter care, thereby avoiding, for the moment, any potential short-term abuse problem and also making certain that the child would remain within the court's jurisdiction.
Additionally, the State Attorney's motion for a continuance in order to better prepare the State's case, being based upon the recently discovered information concerning the other pending dependency petition, provided the court with a second ground upon which to base an extension of the twenty-one day period. The matters raised in that pending dependency proceeding, addressed by the State in its memorandum of law supporting its motion to amend the subject dependency petition and addressed again in the guardian's aforementioned emergency motion for rehearing, clearly constitute "exceptional circumstances" sufficient to satisfy the statute and to justify extending the twenty-one day period. § 39.402(11)(b)(2), Fla. Stat. (1987). Any perceived harm in continuing the child in shelter care and denying custody to the father for the moment would surely and clearly have been outweighed by the long-term benefits to the child in extending the twenty-one day period, already extended four times, so that the matter of the other dependency proceeding and its impact, if any, upon this case might be more fully considered, and this case properly and finally decided in a manner consistent with the best interests of the child involved.
Accordingly, we hold that the trial court was in error in denying the guardian ad litem's motions for rehearing of the release order and for stay pending appeal. Based upon the matters placed before it, the trial court should not have ordered the release of the child to her father. Rather, the state of the record in this case requires that the child be allowed to remain within the security and safety of the State shelter until a full and complete evidentiary hearing can be held by the trial court. After such a hearing, the trial judge will then be in a better position to determine the propriety, or lack thereof, of releasing the child to her father.
Reversed and remanded.
NOTES
[1] By a Clerk's Order entered after a hearing pursuant to an emergency motion filed by the Florida Department of Health and Rehabilitative Services, we stayed the trial court's Order that granted custody of the child to the father. Pending the disposition of this issue on the merits, the child has remained in the custody, and under the protection of, the Florida Department of Health and Rehabilitative Services.