PER CURIAM.
On the court’s own motion we transfer this case to the District Court of Appeal, Second District.
A petition was filed in the Fourth Judicial Circuit in Duval County charging appellant with escape from a juvenile facility. A hearing was held and the court found the appellant had committed the escape. Because appellant was a resident of Pinellas County the case was transferred to the circuit court of that county.[1] After transfer, the circuit court adjudicated appellant delinquent and committed appellant to the Department of Health and Rehabilitative Services.
Appellant appealed. The notice of appeal which was filed in circuit court in Duval County stated that the orders being appealed were the “Order of Adjudication of Delinquency” entered by the Fourth Circuit on October 24, 1990, and the “Disposition” order entered by the Sixth Judicial Circuit on November 1, 1990. Since the notice of appeal was filed on November 30, 1990, this court ordered appellant to show cause why the appeal of the order dated October 24, 1990, should not be dismissed for failure to timely file the notice of appeal. Appellant was also ordered to show cause why the case should not be transferred to the Second District because it appeared that the case emanated from a circuit court within the Second District’s jurisdiction. Appellant filed a response stating the notice of appeal should not be dismissed because the notice of appeal was filed within 30 days after the disposition order and was thus timely under Florida Rule of Appellate Procedure 9.140. Appellant’s response also argues the case should not be transferred because appellant does not intend to contest the disposition order and is only going to contest the adjudication.[2] Appellant argues that the adjudication order was entered by the court in Duval County and thus we, not the Second District, should consider this appeal. We disagree.
The First Appellate District is composed of the First, Second, Third, Fourth, Eighth and Fourteenth Judicial Circuits. § 35.02, Fla.Stat. (1989). With certain exceptions not pertinent here we consider appeals only from those circuits. The only order entered by the Fourth Circuit was the order finding that appellant was guilty of escape. Contrary to appellant’s argument, the record is clear that court did not enter an adjudication order. However, even if it had, when the case was transferred to the Sixth Judicial Circuit it was transferred for all purposes. The Sixth Judicial Circuit is in the Second Appellate District. § 35.03, Fla.Stat. (1989). In our opinion the Second District Court of Appeal, not this court, should consider matters from the Sixth Judicial Circuit.[3]
Accordingly, this appeal is hereby transferred to the District Court of Appeal, Second District. See Fla.R.App.P. 9.040(b). Because this case will be considered by the Second District, we do not address the issue of whether the notice of appeal was timely filed nor the issue of whether the notice of appeal was filed in the proper tribunal.
SHIVERS, C.J., and WIGGINTON and ALLEN, JJ., concur.

. § 39.022, Fla.Stat. (Supp.1990). That statute provides in pertinent part:
(3)(a) Petitions filed under this part shall be filed in the county where the delinquent act or violation of law occurred, but the circuit court for that county may transfer the case to the circuit court of the circuit in which the child resides ... at the time of detention or placement for dispositional purposes....

. Appellant has now filed the initial brief and appellant does not contest the disposition order.

. For example, if we were to agree with appellant’s argument that there was insufficient evidence to convict, we would direct the circuit court to discharge the child. Since that order would necessarily be directed to the Sixth Judicial Circuit it should be from the Second District.