584 So.2d 192 (1991)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Robert HONEYCUTT, et al., Appellees.
No. 90-2293.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
*193 John H. Traphofner, Ocala, for appellant.
Patricia K. King, Ocala, for appellee Sally Honeycutt.
No appearance for appellee Robert Honeycutt.
GOSHORN, Judge.
This is an appeal from an order denying a motion by the Department of Health and Rehabilitative Services (HRS) to extend the time of shelter placement of a child pending an adjudicatory hearing on a dependency petition. After review we conclude we are without jurisdiction and dismiss the appeal.
Because the order appealed is interlocutory, we do not have jurisdiction unless the supreme court has conferred it pursuant to its rule making authority. Art. V, § 4(b)(1) Fla. Const. The rule of procedure relevant to our jurisdiction to review nonfinal orders is found in Florida Rule of Appellate Procedure 9.130. Section 9.130(a)(3)(C)(iii) of that rule provides in pertinent part:
(3) Review of non-final orders of lower tribunals is limited to those which
* * * * * *
(C) determine
* * * * * *
(iii) ... child custody in domestic relations matters; [Emphasis added].
The area or discipline of the law known generally as "Domestic Relations" has historically been considered to relate to matters arising out of the marital relationship between husband and wife, including divorce, separation, support and adoption. See Black's Law Dictionary 435 (5th ed. 1979).
On the other hand, dependency proceedings under Chapter 39 of the Florida Statutes are concerned with abandoned, abused or neglected children regardless of any familial relationship. The chapter focuses on the child regardless of the source or cause of the dependency. We decline to expand the definition of "domestic relations" solely for the purpose of exercising jurisdiction to hear the appeal of an order denying a continuance in a juvenile dependency proceeding. Surely if the supreme court had meant to vest jurisdiction in the district courts to consider all non-final orders that indirectly affect custody, the court would not have added the words of limitation, i.e., "in domestic relations matters," to the rule.
Additionally, even if dependency proceedings can somehow be deemed an extension of domestic relations, the order in the instant cause did not determine custody. That was determined by operation of law incidental to the denial of the requested continuance. We recognize that the Third District in a proceeding under Chapter 39 involving facts similar to the case at bar reversed the trial court's interlocutory denial of a motion for rehearing of an order granting immediate custody to a father and for stay pending appeal. In the Interest of Unknown P., 546 So.2d 21 (Fla. 3d DCA 1989). Though the opinion does not address the issue of jurisdiction, we nonetheless note apparent conflict.
In making our determination we have also considered Florida Statute, section 39.445, which provides:
Appeal.  The state, any child, or the family, guardian ad litem, or legal custodian of any child who is affected by an order of the court pursuant to this part *194 may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure and pursuant to s. 39.413.
In our opinion this statute merely confers on the parties specified standing to appeal otherwise appealable orders. It does not confer jurisdiction. Jurisdiction arises, if at all, from the Florida Constitution.
As a caveat, we note that the order appealed was rendered on November 5, 1990. If HRS was concerned that the welfare of the child was in any way jeopardized by the court's denial of the requested continuance, the matter could and should have been addressed by the simple expedient of promptly scheduling a hearing on the dependency petition. Certainly the welfare of the child would be better served by a speedy resolution of the dependency issue.
Lastly, we have considered and declined to treat the notice of appeal as a petition for writ of certiorari because we cannot find as a matter of law that the court's denial of a continuance of shelter care in this case constitutes an abuse of discretion departing from the essential requirements of law. See generally, Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Combs v. State, 436 So.2d 93 (Fla. 1983).
W. SHARP, and COWART, JJ., concur.