ORDER TRANSFERRING APPEAL
KAHN, Judge.
As in K.K.P. v. State, 580 So.2d 307 (Fla. 1st DCA 1991), we transfer this ease to the District Court of Appeal, Second District. We also certify two enumerated questions to the Florida Supreme Court. Fla. R.App.P. 9.030(a)(2)(A)(v).
On October 3, 1990, C.L.S., along with several other juveniles, including K.K.P., escaped from the Duval House in Duval County, Florida. The state filed a petition in the Fourth Judicial Circuit requesting that C.L.S. be adjudicated delinquent for violation of § 39.112, Florida Statutes (1989). At the adjudicatory hearing convened before Judge Pate on October 24, 1990, the state orally amended the petition to charge the juveniles with escape pursuant to § 39.061, Florida Statutes (Supp. 1990), which replaced § 39.112, and became effective October 1, 1990.
The substantive issues raised in this appeal go to the constitutionality of § 39.061, Florida Statutes (Supp.1990), and the sufficiency of the evidence to support C.L.S.’s adjudication under that statute. C.L.S. argues that the statute in question constitutes an unlawful delegation of legislative authority to the Department of Health and Rehabilitative Services in violation of Art. II, § 3, Florida Constitution. While we acknowledge that the challenges raised by C.L.S. are of some moment,[1] we are unable to address their substance, because we are compelled to transfer this cause to our sister court.
C.L.S. invoked the jurisdiction of this court by filing a notice of appeal purporting to seek review of “the Order of Adjudication of Delinquency entered in this Circuit (Fourth Judicial Circuit) the 24th day of October, A.D., 1990, and the Disposition entered in the Tenth Judicial Circuit the 14th day of November, A.D.1990.” After hearing this cause in the circuit court of Duval County, Judge Pate found that C.L.S. was guilty of the offense of escape, as charged, and entered a document entitled “Order of Transfer and Disposition.” The file contains no separate order of adjudication. The order of transfer for disposition provides:
1. Said child has committed a delinquent act and adjudication is entered.
2. This case is transferred to Polk County, Florida for disposition, and the clerk of this court shall transmit the entire file to the clerk in and for Polk County, Florida.
We have on our own motion obtained the order of disposition from Polk County, indicating that the circuit court of that county assigned to this file Case No. JV90-905623-XX, and that Judge Green conducted a hearing resulting in a disposition order on November 14, 1990.
In K.K.P., supra, this court held that when the case was transferred to another circuit, within the second appellate district, it was transferred for all purposes. Thus, reasoned the court in K.K.P., the Second District Court of Appeal, and not this court, should consider the matter. We follow K.K.P., but in so doing note that adequate procedural guidelines for this type of appeal do not appear to exist in the Florida Rules of Appellate Procedure, the Florida Rules of Juvenile Procedure, or Chapter 39, Florida Statutes.
The question really turns upon a determination of what exactly is the nature of an appeal in a delinquency proceeding. Section 39.069(1), Florida Statutes (Supp. 1990),[2] provides: *1175 The statute does not, however, designate the controlling procedural rule.
*1174 An appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure....
*1175 Rule 9.110, Florida Rules of Appellate Procedure, controls proceedings to review final orders of trial courts and orders granting new trials in jury and nonjury cases. The rule is not, on its face, limited to cases traditionally viewed as “civil” cases. The scope of the rule is set out in a committee note as follows:
Except to the extent of conflict with Rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the Supreme Court; (2) certiorari proceedings before the Supreme Court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, Section 120.68, Florida Statutes (Supp.1976); (4) appeals as of right to a circuit court, including review of administrative action when provided by law.
Fla.R.App.P. 9.110, Committee Notes' to 1977 Revision.
Rule 9.130, Florida Rules of Appellate Procedure, controls proceedings to review nonfinal orders. The rule limits review of nonfinal orders of circuit courts to those orders which:
(A) concern venue; (B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions; (C) determine: (i) jurisdiction of the person; (ii) right to immediate possession of property; (iii) right to immediate monetary relief or child custody in domestic relations matters; (iv) the issue of liability in favor of a party seeking affirmative relief; or (v) whether a party is entitled to arbitration.
The rule further provides that review of nonfinal orders in criminal cases shall be as prescribed by Rule 9.140. Fla.R.App.P. 9.130(a)(2).
Rule 9.140 provides that appeal proceedings in criminal cases shall be as in civil cases, except as modified by the rule. Pursuant to the terms of the rule, a defendant may appeal:
(A) A final judgment adjudicating guilt; (B) An order granting probation, whether or not guilt has been adjudicated; (C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation; (D) An illegal sentence; and (E) A sentence when required or permitted by general law.
If an appeal following an adjudication of delinquency proceeds exclusively under Rule 9.110, then it follows that such an appeal must be from a final order. The rather well-established test of finality is “whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the case as between the parties directly affected.” Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983); see also, Padova-no, Florida Appellate Practice, § 17.2 (citing other cases of like effect, and noting that Rule 9.110 is the “only rule” setting forth a procedure for full and complete appeals from trial courts in civil cases). We conclude with little hesitation that the Order of Transfer for Disposition, entered by Judge Pate, and referenced in the notice of appeal in the present cause, is not a final order.[3] While the order arguably adjudicates appellant a delinquent child, it expressly transfers the case to Polk County for disposition, requiring transmission of the entire file. Judge Pate effectuated the transfer to Polk County pursuant to the authority of § 39.022(3)(a), Florida Statutes (Supp.1990):[4]
Petitions filed under this part shall be filed in the county where the delinquent act or violation of law occurred, but the *1176 circuit court for that county may transfer the case to the circuit court of the circuit in which the child resides or will reside at the time of detention or placement for dispositional purposes.
Rule 8.160, Florida Rules of Juvenile Procedure, provides that a court may transfer a case to the circuit court in the county of the juvenile’s domicile after entry of a plea of nolo contendere or guilty or after the transferring court finds that the juvenile committed the offense. In addition, the rule provides that “[a]ny action challenging the entry of a plea or the adjudicatory hearing result must be brought in the transferring court’s county.” While the rule preserves for limited purposes the jurisdiction of the transferring court, we are unable to interpret the phrase “any action” to include an appeal from a final order. We also note that in K.M. v. State, 448 So.2d 1124 (Fla. 2d DCA 1984), the Second District Court of Appeal, without discussion of its jurisdiction, ruled on the validity of a plea entered by a juvenile in Volusia County when the case had been transferred to Manatee County for disposition.
In cases of delinquency, part II of Chapter 39, Florida Statutes, provides for an adjudicatory hearing, § 39.052(1), Florida Statutes (Supp.1990),[5] and a disposition hearing, § 39.052(3), Florida Statutes (Supp.1990).[6] The procedure set out in § 39.052(3), must be followed before the case may be concluded.[7] Thus, the disposition hearing and order would appear under the terms of Chapter 39 to be essential to the finality of a delinquency proceeding in Florida. This being the case, the dissatisfied juvenile may appeal only from the order of disposition, if, in fact, the appeal proceeds pursuant to Rule 9.110. In the present case, it was Circuit Judge Green, sitting in Polk County, who administered the disposition hearing and concluded the case. '
In M.R.S. v. State, 478 So.2d 1166 (Fla. 1st DCA 1985), we considered and rejected the state’s argument that an appeal taken by a child subsequent to a delinquency proceeding should be pursued in the manner prescribed by the appellate rules pertaining to adult criminal appeals, or in other words, pursuant to Rule 9.140. In that case we rejected the view that appeals from delinquency proceedings are essentially criminal appeals, and held that such appeals proceed according to Rule 9.110. Cf, G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved 572 So.2d 1380 (Fla. 1991) (Chapter 924, Florida Statutes (1989), covering the criminal appeals, does not apply to juvenile cases).
In State v. C.C., 476 So.2d 144 (Fla.1985), the supreme court considered the question of whether the state had a right to appeal an adverse ruling in a delinquency matter. The supreme court noted that while juvenile delinquency matters are “criminal in nature, they are separate proceedings that are controlled by Chapter 39, Florida Statutes.” 476 So.2d at 146. Accordingly, the supreme court refused to apply Chapter 924, Florida Statutes (1981), to a juvenile proceeding, thus effectively precluding the state from taking plenary or interlocutory appeals in juvenile cases.[8]
Some cases decided before C. C. suggested that juvenile appeals would be treated as criminal appeals. See e.g., D.S.K. v. State, 396 So.2d 730 (Fla. 5th DCA 1981); In re D.J., 330 So.2d 34 (Fla. 4th DCA 1975). Similarly, R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980), approved, 408 So.2d 1048 (Fla.1982), analyzed whether a waiver order certifying a juvenile for trial as an adult was a “final order,” but looked at the issue in terms of Rule 9.140 rather than 9.110.
Since delinquency proceedings under Chapter 39 are bifurcated into separate adjudicatory and disposition hearings, and separate orders of adjudication and disposi *1177 tion are often in fact entered, it might be argued that an order finding that a child has committed a delinquent act and entering adjudication against the child would be appealable under Rule 9.140(b)(1)(A), Florida Rules of Appellate Procedure, providing that a defendant may appeal “a final judgment adjudicating guilt.” Obviously, this argument could only be made if the delinquency matter were treated essentially as a criminal appeal.[9] Such an argument is foreclosed, however, by the case law indicating that statutes and rules governing criminal appeals do not apply to juvenile cases.
Having determined that this matter is governed by Rule 9.110, we hold that an appeal subsequent to a delinquency proceeding under Chapter 39 may not be taken from an order adjudicating a child delinquent, unless the order also encompasses disposition of the case. If the disposition order is separate, the juvenile’s avenue of appeal is still through Rule 9.110, governing appeal proceedings to review final orders.[10] Since the final order in this case is the disposition order entered by the Polk County circuit court, the court properly having jurisdiction of this cause is the Second District Court of Appeal. We cannot presume that the legislature did not envision a result such as this when it enacted § 39.02(3)(a), Florida Statutes (1989), authorizing transfer of the delinquency proceeding to the child’s home county, prior to disposition of the case. Accordingly, we transfer this case to the Second District Court of Appeal. Fla.R.App.P. 9.040(b).
We certify the following questions of great public importance to the Florida Supreme Court:
(1) IN A PROCEEDING UNDER CHAPTER 39, WHEN A CIRCUIT COURT ADJUDICATES A CHILD DELINQUENT, AND THEN, PURSUANT TO SECTION 39.022(3)(a), FLORIDA STATUTES (SUPP.1990), TRANSFERS THE CAUSE FOR DISPOSITION TO THE CHILD’S HOME COUNTY, IS EXCLUSIVE APPELLATE JURISDICTION FOR ALL MATTERS TRANSPIRING UP TO AND INCLUDING THE ORDER OF DISPOSITION RESERVED TO THE DISTRICT COURT OF APPEAL HAVING JURISDICTION OVER THE CHILD’S HOME COUNTY?
(2) DOES RULE 9.110, FLORIDA RULES OF APPELLATE PROCEDURE, CONTROL AN APPEAL SUBSEQUENT TO A DELINQUENCY PROCEEDING, AND THUS REQUIRE THE JUVENILE TO TAKE AN APPEAL ONLY FROM THE ORDER OF DISPOSITION, AS THE FINAL ORDER?
SMITH and WIGGINTON, JJ., concur.

. In L.V.M. v. State, 584 So.2d 225 (Fla. 1st DCA 1991), this court reversed an adjudication arising on identical facts. See also, K.A.N. v. State, 582 So.2d 57 (Fla. 1st DCA 1991). The disposition orders in L.V.M. and K.A.N. were entered in Duval County.

. Formerly § 39.14(1), Fla.Stat. (1989).

. The order is not an appealable nonfinal order since it fits no category of Rule 9.130(a)(3)(C). Cf., Department of Health and Rehabilitative Services v. Honeycutt, 584 So.2d 192 (Fla. 5th DCA 1991) (court would not expand reading of Rule 9.130(a)(3)(C) to allow review of interlocutory order in a dependency case, noting apparent conflict with In the Interest of Unknown P., 546 So.2d 21 (Fla. 3d DCA 1989).

. Formerly § 39.02(3)(a), Fla.Stat. (1989).

. Formerly § 39.09(1), Fla.Stat. (1989).

. Formerly § 39.09(3), Fla.Stat. (1989).

. The statute mandates: "When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case_”

.The legislature overruled C.C. by passage of Ch. 86-251, § 1, Laws of Florida.

. In point of fact, a Chapter 39 proceeding does not lead to an order “adjudicating guilt.” The order entered under Chapter 39 is properly termed "an adjudication of delinquency." § 39.-053(4), Fla.Stat. (Supp.1990).

. Of course, the litigant proceeding under Rule 9.110 may seek review of any ruling or matter occurring prior to the filing of the notice of appeal from the final order. Rule 9.110(h), Fla.R.App.P.