609 So.2d 596 (1992)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
Robert HONEYCUTT, et al., Respondents.
No. 78627.
Supreme Court of Florida.
December 3, 1992.
Dennis St. George, Managing Atty., Child Welfare Legal Service, Gainesville, and Linda K. Harris, Deputy Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for petitioner.
Patricia K. King, Withlacoochee Area Legal Services, Inc., Ocala, for respondents.
GRIMES, Justice.
We review Department of Health & Rehabilitative Services v. Honeycutt, 584 So.2d 192 (Fla. 5th DCA 1991), because of its conflict with In re Unknown P., 546 So.2d 21 (Fla. 3d DCA 1989). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
In April 1990, the Department of Health and Rehabilitative Services (HRS) filed a petition in circuit court to have B.A.H., Robert Honeycutt's minor child, declared dependent pursuant to chapter 39, Florida Statutes (1989). A hearing on the petition began on October 18, 1990, and was scheduled to conclude on October 31. Upon a motion by HRS at the beginning of the hearing, the trial court held that B.A.H. was dependent and ordered her placed in shelter care. B.A.H. was placed in custody with HRS for the twenty-one-day period permitted by section 39.402(9), Florida Statutes (1991).
On October 31, the conclusion of the hearing was postponed. On November 5, the eighteenth day of shelter care, the court held a hearing on a motion by HRS to extend custody pending completion of the adjudicatory hearing. The court denied the motion and ruled that B.A.H. was to be returned to her parents. HRS then requested that the court set a time to complete the adjudicatory hearing before the twenty-one days expired. The court also denied this motion and ordered B.A.H. immediately released to her parents.
HRS appealed the trial court's order denying the motion to extend the time of shelter placement pending the completion of the adjudicatory hearing. The Fifth District Court of Appeal concluded that it was without jurisdiction to entertain this appeal from a nonfinal order. The court also declined to treat the notice of appeal as a petition for certiorari because it concluded that the denial of the continuance of shelter care in this case did not constitute an abuse of discretion departing from the essential requirements of law.
This Court is vested with the authority to define the scope of the district courts' jurisdiction to review interlocutory orders. Art. *597 V, § 4(b)(1), Fla. Const. We have adopted Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) which provides that lower courts may review nonfinal orders that determine the "right to immediate monetary relief or child custody in domestic relations matters." The issue before this Court is whether child dependency proceedings under chapter 39 fall within the definition of "domestic relations matters" for the purpose of appeals from nonfinal orders under rule 9.130(a)(3)(C)(iii).
Historically, "domestic relations" has been limited to matters involving familial relationships, including divorce, separation, custody, support, and adoption. See Black's Law Dictionary 484 (6th ed. 1990). In the context of appeals from nonfinal orders and rule 9.130, Florida courts have restricted the term to its historical meaning. R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); In re M.A., 593 So.2d 521 (Fla. 4th DCA 1991); see C.L.S. v. State, 586 So.2d 1173, 1175 n. 3 (Fla. 1st DCA 1991); Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990); Kienzle v. Kienzle, 556 So.2d 1173 (Fla. 3d DCA 1990); Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987). But see In re Unknown P., 546 So.2d 21 (Fla. 3d DCA 1989).
The purpose of the dependency portion of chapter 39 is to ensure adequate protection for children from neglect, abuse, and exploitation regardless of familial relation. We agree with the district court of appeal that dependency proceedings under chapter 39 do not fall within the traditional definition of "domestic relations." However, HRS argues that because of the need for speedy resolution of child placement issues, the definition of domestic relations should be expanded to include dependency proceedings. We appreciate the concern of HRS, but we do not believe that expanding the settled definition solely for the purpose of conferring jurisdiction over appeals from nonfinal orders in dependency proceedings would be prudent. To do so would place a severe burden on the ever-increasing case loads of the district courts of appeal. Further, these courts already have the ability to review egregious cases by common law certiorari.
Therefore, we hold that child dependency proceedings under chapter 39 do not fall within Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) providing for review of nonfinal orders determining child custody in domestic relations cases.[1] We approve the decision of the court below. While the jurisdictional issue was not expressly addressed in In re Unknown P., we disapprove that decision to the extent that it can be construed as permitting an appeal from a nonfinal order in a dependency proceeding.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Because of our holding, we decline to address the other issues raised by the parties.