614 So.2d 561 (1993)
In the Interest of T.M. and F.M., III.
F.M., Jr., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 92-3596.
District Court of Appeal of Florida, First District.
February 8, 1993.
*562 Richard D. Ogburn, Panama City, for appellant.
Sandra E. Feinzig, Asst. Legal Counsel, for appellee.

ORDER ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
On September 21, 1992, the circuit court entered an adjudicatory order which reaffirmed a dependency finding as to the children T.M. and F.M., III, and which terminated the parental rights of their natural father. This order was entered pursuant to section 39.467(7), Florida Statutes (Supp. 1992). A timely notice of appeal was filed by the father on October 16. Subsequently, on November 9 a disposition order was entered in accordance with section 39.469. This order again reaffirmed the dependency adjudications and the termination of the father's parental rights. The children were permanently committed to the Department of Health and Rehabilitative Services for adoption. The father did not file an additional notice of appeal.
The department, as appellee in this cause, now moves for dismissal of the appeal on grounds of lack of jurisdiction. It is appellee's position that the September 21 order was not a final order nor an appealable non-final order. The department contends that the November 9 order was an appealable final order and the father filed no timely notice as to it.
We deny the motion to dismiss. As discussed by this court in the context of delinquency proceedings, the orders authorized by chapter 39 of the Florida Statutes do not always fit neatly into the traditional categories of final and non-final orders. See C.L.S. v. State, 586 So.2d 1173 (Fla. 1st DCA 1991). We nevertheless regard the September 21 order as sufficiently final on the question of the father's parental rights to be appealable. Even if it were not and only the November 9 order is appealable, we would treat the October 16 notice of appeal as prematurely filed and accept jurisdiction. Lauda v. H.F. Mason Equipment Corp., 407 So.2d 392 (Fla. 3d DCA 1981); Fla.R.App.P. 9.110(m).
MOTION DENIED.
JOANOS, C.J., and ZEHMER and BARFIELD, JJ., concur.