COPE, Judge.
The State moves to dismiss the appeal of A.N. for want of an appealable order. We grant the motion.
A.N. was adjudicated delinquent by the circuit court for the Eleventh Judicial Circuit, in and for Dade County, Florida. The court ordered the case transferred to the circuit court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, for disposition. See Fla.R. Juv.P. 8.160. Prior to the transfer of the case to Broward County, A.N. filed his notice of appeal of the adjudicatory order. A.N. seeks reversal of the adjudication of delinquency.[1]
The State has moved to dismiss the appeal for want of an appealable order. The State argues that the adjudication order is a non-appealable nonfinal order. The State contends that there is no appealable final order until a disposition order is entered. The State’s point is well taken.
The right of the child to appeal a final order in a juvenile delinquency case is a right created by statute. See State v. Gurican, 676 So.2d 709, 711-12 (Fla.1991); State v. Pettis, 520 So.2d 250, 252 (Fla.1988); State v. Creighton, 469 So.2d 735, 740 n. 8 (Fla.1985).
By contrast, under the Florida Constitution the right to appeal an interlocutory order to the district court of appeal exists only “to the extent provided by rules adopted by the supreme court.” Art. V, § 4(b)(1), Fla. Const, (amended 1972); State v. Pettis, 520 So.2d at 252; State v. Smith, 260 So.2d 489, 490-91 (Fla.1972) (construing predecessor provision of Florida Constitution); State *930 v. M.G., 550 So.2d 1122, 1123 (Fla. 3d DCA), review denied, 551 So.2d 462 (Fla.1989).
The legislature has created the right to appeal a final order in a delinquency case by enacting paragraph 39.069(l)(a), Florida Statutes (1993).[2] The statute does not itself define what is a final order in a juvenile delinquency proceeding. “The rather well-established test of finality is “whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the case as between the parties directly affected.’ ” C.L.S. v. State, 586 So.2d 1173, 1175 (Fla. 1st DCA 1991) (citations omitted).
We agree with the First District that the judicial labor ends upon entry of the order of disposition in a delinquency case. Id. at 1176; T.L.W. v. Soud, 645 So.2d 1101, 1104-05 (Fla. 1st DCA 1994), review dismissed, 650 So.2d 992 (Fla.1995). Since no disposition order has been entered in the present case, it follows that there is no ap-pealable final order.
At the present time the Florida Supreme Court has not adopted a rule which authorizes interlocutory appeals in juvenile delinquency cases. See State v. M.G., 550 So.2d at 1123. The adjudicatory order is therefore not an appealable nonfinal order.
Appeal dismissed.

. Because the notice of appeal was filed prior to transfer of the file from Dade County to Broward County, appellate jurisdiction lies in this court, see Vasilinda v. Lozano, 631 So.2d 1082, 1087 (Fla. 1994), assuming that the adjudication order is appealable.

. The statute states:
(1) An appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure by:
(a) Any child, and any parent or legal guardian or custodian of any child.
Id. Since the legislature only has the power to authorize appeals from final orders, not interlocutory orders, it follows that this broadly-worded statute must necessarily be read to create only a right to appeal a final order in a juvenile delinquency case.