689 So.2d 1215 (1997)
T.M.B., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3402.
District Court of Appeal of Florida, First District.
March 13, 1997.
Rehearing Denied April 7, 1997.
*1216 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this juvenile delinquency proceeding, appellant seeks review of an order of disposition which adjudicated her a delinquent child and committed her to the Department of Juvenile Justice for a high-risk residential placement. Her principal complaint is that her commitment to a high-risk residential program must be reversed because the trial court did not state on the record any reasons to support its decision to commit her to a higher restrictiveness level program than recommended by the Department. In addition, she complains that her community control had already expired with regard to three 1994 cases and that, therefore, the trial court lacked jurisdiction to revoke community control, and to commit her, in those cases. The only substantive response made by the state is that appellant pled guilty to all of the charges involved and that, because she did not comply with section 924.051(4), Florida Statutes (Supp.1996), she may not raise either issue on appeal. We reverse.
It is relatively well settled that a juvenile's right to appeal is governed by chapter 39, Florida Statutes (at present, section 39.069), and that chapter 924 does not apply to juvenile proceedings. E.g., State v. C.C., 476 So.2d 144 (Fla.1985); G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla.1991); M.R.S. v. State, 478 So.2d 1166 (Fla. 1st DCA 1985). We find nothing in the 1996 amendments to chapter 924 (ch. 96-248, at 953, Laws of Fla.) to suggest a contrary intent on the part of the legislature. Accordingly, we reject the state's argument in this regard.
Section 39.052(4)(e)3, Florida Statutes (1995), controls the outcome as to appellant's principal complaint. It reads:
The court shall commit the child to the [D]epartment at the restrictiveness level identified [by the Department in its predisposition report,] or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this subparagraph.
In this case, the Department's predisposition report recommended that appellant be committed to a moderate-risk restrictiveness level program. The trial court disregarded this recommendation, instead committing appellant to a high-risk program. Notwithstanding the language of section 39.052(4)(e)3, the trial court gave no reasons for its decision. Because it gave no reasons, we are constrained to reverse, and to remand for a new disposition hearing. Should the trial court again decide to ignore the Department's recommendation, it shall comply with section 39.052(4)(e)3.
With regard to appellant's remaining complaint, our review of the record leads us to conclude that the maximum permissible period of community control had run in cases numbered 94-169 and 94-1419 before the petition alleging a violation of community control was filed. Accordingly, on remand, the trial court may not take any further action in either of those cases, and should delete any reference to them in its subsequent orders of adjudication and disposition. See, e.g., A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992) (length of supervised community control cannot exceed maximum term adult could serve in prison for same offense or child's nineteenth birthday, whichever occurs first).
*1217 REVERSED and REMANDED, with directions.
LAWRENCE and PADOVANO, JJ., concur.